UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:25-cv-01076-SEP |
| ) | |
| KAISER PERMANENTE INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Cedric Greene's Application to Proceed in District Court Without Prepaying Fees and Costs. Doc. [2]. On review of the application and financial information provided therein, the Court grants the application and waives the filing fee. For the reasons set forth below, the case is dismissed without prejudice.

Based on the Complaint, Plaintiff is a resident of Los Angeles, California, and Defendant Kaiser Permanente is incorporated and has its principal place of business in California. Plaintiff alleges that he had a "medical emergency that caused him to proceed to the nearest hospital within his then area, in which was KAISER PERMANENTE." *Id*. at 5. Plaintiff alleges that he was refused treatment because he was not a member of Kaiser Permanente. He seeks an unspecified amount of monetary damages.

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

Plaintiff has alleged no basis for venue in this Court. Plaintiff makes no allegation of an act or omission occurring within the jurisdictional boundaries of this Court, nor does Plaintiff allege that he or the Defendant resides within this district. None of the requirements of § 1391 is present in this case. Accordingly, venue in the Eastern District of Missouri is not proper.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the district court can either dismiss the action, or if it is in the interest of justice, the Court can

transfer the case to any district in which it could have been brought. Because of Plaintiff's history of vexatious litigation,[1] the Court finds that it is not in the interest of justice to transfer the case and instead dismisses it.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of proper venue.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 7th day of August, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff has filed at least 41 cases in this Court since March 2025. At least 34 of Plaintiff's cases have already been dismissed for lack of subject matter jurisdiction or improper venue. In addition, several other federal courts have imposed filing restrictions on Plaintiff. *See Greene v. Sprint Nextel Corp.*, 750 Fed. App'x 661, 666 & n.3 (10th Cir. 2018) (noting filing restrictions imposed on Plaintiff in the Ninth and Tenth Circuits and federal district courts in Kansas, Utah, California, and Nevada).