**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CEDRIC GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:25-cv-01076-SEP |
| ) | |
| KAISER PERMANENTE INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Cedric Greene's Motion to Set Aside Disposition; Change of District Court Venue. Doc. [6]. On August 7, 2025, the Court held that venue in the Eastern District of Missouri was not proper. *See* Doc. [4]. Because of Plaintiff's history of vexatious litigation, *see id.* at 2 n.1, the Court found that it would not be in the interest of justice to transfer the case and instead dismissed it. *Id.* at 2. After the case was closed, Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 60(b), asking the Court to transfer this action to the Western District of Missouri. Doc. [6].

Rule 60(b) allows a court to relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). It "provides for 'extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)).

The Court has reviewed Plaintiff's motion and finds no basis for altering or amending its prior decision.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Set Aside Disposition; Change of District Court Venue, Doc. [6], is **DENIED**.

Dated this 19th day of August, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE